# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
Louisville Division

Darryl L. Hodges, Jr. )
    *Plaintiff* )
)
v. ) Case No. 3:18-CV-820-RGJ
)
Service Financial Company )
*Assumed name for* )
River City Adjustment Bureau, Inc. )
    *Defendant* )
Serve: )
    Amanda L. Baker )
    2701 Lindsay Avenue )
    Louisville, KY 40206 )
)

# COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action by Plaintiff Darryl L. Hodges, Jr. individually and as a consumer against Defendant Service Financial Company seeking damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff Darryl L. Hodges, Jr. is a natural person who resides in Jefferson County, Ky. Mr. Hodges is a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4. Defendant Service Financial Company ("SFC") assumed name for River City Adjustment Bureau, Inc., is a Kentucky corporation registered with the Kentucky Secretary of State engaged in the business of purchasing debts from creditors and collecting these debts in this state with its principal place of business located at 4641 Dixie Highway, Louisville, KY 40216.

5. SFC is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts. Further, SFC operates as the collection arm of River City Adjustment Bureau, Inc. Consequently, River City Adjustment Bureau, Inc. uses SFC in such a way that it appears that is a third party on River City Adjustment Bureau, Inc.'s behalf, rendering it a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

## FACTS

6. On or about March 28, 2014, Plaintiff Darryl L. Hodges, Jr. ("Hodges") purchased a 2002 Chevy Trailblazer from Belgray Auto Sales, Inc. ("Belgray").

7. Mr. Hodges financed the purchase of the vehicle by entering into a Retail Installment Contract and Security Agreement ("RICS").

8. Mr. Hodges used the Chevy Trailblazer exclusively for personal, family, and household purposes, which makes the Belgray auto loan at the basis of the RICS a "debt" within the meaning of the FDCPA.

9. Mr. Hodges suffered a financial setback and defaulted on the loan for the Chevy Trailblazer on or before August 2014.

10. At some time after March 28, 2014, Belgray assigned Mr. Hodges's RISC to Defendant Service Financial Company, assumed name for River City Adjustment Bureau, Inc. ("SFC").

11. SFC filed a lawsuit against Mr. Hodges on February 24, 2015 in the case of *Service Financial Company v. Darryl L. Hodges, Jr.*, Jefferson Circuit Court, Jefferson County, Kentucky, Case No. 17-CI-000882 in an attempt to collect the Belgray RISC debt from Mr. Hodges (the "State Court Lawsuit"). A true and accurate copy of SFC's complaint in the State Court Lawsuit, including the RICS which was attached as an exhibit, is attached as Exhibit "A."

12. SFC obtained a default judgment against Mr. Hodges in the State Court Lawsuit on January 6, 2016 (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached hereto as Exhibit "B."

13. The Default Judgment awarded SFC in pertinent part:

> This action coming on to be heard on the Plaintiff's complaint and the Defendant being in default,
>
> **IT IS CONSIDERED AND ADJUDGED** by the Court that the Plaintiff recover of the Defendant, DARRYL L. HODGES, JR., the sum of $5,265.02, with interest thereon at the rate of 15.0000% per annum from August 7, 2014 until paid, plus attorney fees in the amount of $789.75, pursuant to statute, and its court costs herein expended.
>
> This is a final judgment and there is no just reason for delay in its entry.
>
> _____
> JUDGE
> DATE: 1/4/16
>
> TENDERED BY:

14. The 15.00% prejudgment interest awarded in the Default Judgment does not correspond to a contract rate of interest expressed in the RICS but rather, it reflects the stated annual percentage rate ("APR") contained in the Truth in Lending Disclosures of the RICS.

15. The RICS is a precomputed loan, which means that the finance charges on the loan were liquidated and added to the loan at the time that the parties entered into the auto loan for the Chevy Trailblazer.

16. On October 13, 2016, SFC moved to amend the Default Judgment.

17. The Jefferson Circuit Court granted the motion to amend and entered an amended judgment on October 20, 2016 ("Amended Judgment"). A true and accurate copy of the Amended Judgment is attached as Exhibit "C."

18. The Amended Judgment states in pertinent part:

> Upon motion of the Plaintiff, by counsel, and the Court being otherwise sufficiently advised,
>
> **IT IS HEREBY ORDERED AND ADJUDGED** that the Judgment entered on January 7, 2016 be and the same is corrected, nunc pro tunc, to read as follows:
>
>> **IT IS HEREBY ORDERED AND ADJUDGED** by the Court that the Plaintiff recover of the Defendant, DARRYL L. HODGES, JR., the sum of $5,265.02, with finance charge thereon at the rate of 15.0000% per annum from August 7, 2014 which totals $1,120.80, plus attorney fees in the amount of $789.75, pursuant to statute, all together for a judgment balance of $7,175.57, and costs herein expended, with post-judgment interest at the rate of 12.0000% per annum, pursuant to KRS 360.040, until paid.
>>
>> This is a final judgment and there is no just reason for delay in its entry.
>>
>> _____
>> JUDGE
>> DATE: 10/20/16
>
> TENDERED BY:

19. Like the Default Judgment, the Amended Judgment includes prejudgment interest at a rate of 15% per annum, which is the APR stated in the RISC.

20. The 15% interest awarded to SFC in the Amended Judgment is <u>not</u> a contract rate of interest.

21. The 15% prejudgment interest awarded to SFC in the Default Judgment and in the Amended Judgment is usurious, being 7% per annum more than allowed by KRS 360.010 at the time the Default Judgment and Amended Judgment were entered.

22. On January 19, 2018, SFC filed a bill of costs in the State Court Lawsuit (the "Bill of Costs"). A true and accurate copy of the Bill of Costs is attached as Exhibit "D."

23. The Bill of Costs included costs for postage and two fees for filing a judgment lien. These are not recoverable as court costs under Kentucky law.

24. Because the RICS is a precomputed loan there is no contract rate of interest. Consequently, SFC is not entitled to the 15.00% in prejudgment interest set forth in the Default Judgment. *Serv. Fin. Co. v. Ware*, 473 S.W.3d 98, 106 (Ky. Ct. App. 2015) (Mr. Hodges "did not agree to accruing interest in the [RISC]; [h]e did not sign an instrument reporting the accrual of

interest at any rate. [H]e agreed only to purchase a vehicle at a price determined by adding (1) the cost of the vehicle if [h]e had paid cash and (2) the time price differential").

25. Because there was no agreed-upon contractual interest, 8.00% per annum was the maximum prejudgment interest rate allowed by law at the time that the Jefferson Circuit Court entered the Default Judgment and the Amended Judgment. KRS 360.040(1).

26. The 15.00% prejudgment interest awarded to SFC in the Default Judgment and the Amended Judgment is usurious and unenforceable.

27. On January 25, 2018, SFC filed a wage garnishment with Mr. Hodges' employer that included the usurious 15.00% prejudgment interest included in the principal amount of the Amended Judgment (the "Wage Garnishment"). A true and accurate copy of the Wage Garnishment is attached as Exhibit "E."

28. SFC received at least $488.73 from Mr. Hodges' wages by means of the Wage Garnishment.

29. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky. R. Civ. P. 54.04(2).

30. The purpose of requiring the prevailing party to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

31. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

32. Under Kentucky law a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

33. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, Civil Procedure, Rule 54.04 (online version accessed March 3, 2017).

34. There are 743 days between January 7, 2016, the date that Default Judgment was entered against Mr. Hodges, and January 19, 2018, the date on which SFC filed the Bill of Costs.

35. 743 days is not a reasonable time in which to file a bill of costs.

36. SFC violated the FDCPA by **(i)** filing an untimely Bill of Costs in the State Court Lawsuit; **(ii)** including expenses in its Bill of Costs that are not recoverable as court costs under Kentucky law; and **(iii)** by filing a wage garnishment that includes usurious interest.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

32. The above-described acts of Defendant Service Financial Company, assumed name for River City Adjustment Bureau, Inc. ("SFC"), constitute violations of the Fair Debt Collection Practices Act which violations include, but are not limited to, the following:

A. Violation of 15 U.S.C. 1692e by filing an untimely Bill of Costs in the State Court Lawsuit not filed within a reasonable time that includes expenses which are not recoverable as court costs, and filing the Wage Garnishment that includes usurious interest, thus using false, deceptive, or misleading representation or means in connection with the collection of any debt;

B. Violation of 15 U.S.C. 1692e(2)(A) by filing an untimely Bill of Costs in the State Court Lawsuit not filed within a reasonable time that includes expenses which are not recoverable as court costs, and by filing the Wage Garnishment that includes usurious interest, thus engaging in the false representation of the character, amount, or legal status of any debt;

C. Violation of 15 U.S.C. 1692e(2)(B) by filing an untimely Bill of Costs in the State Court Lawsuit not filed within a reasonable time that includes expenses which are not recoverable as court costs, and by filing the Wage Garnishment that includes usurious interest, thus engaging in the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

D. Violation of 15 U.S.C. 1692e(5) by filing an untimely Bill of Costs in the State

Court Lawsuit that includes expenses which are not recoverable as court costs, and by filing the Wage Garnishment that includes usurious interest, thus threatening to take an action that cannot legally be taken or that is not intended to be taken;

      E.      Violation of 15 U.S.C. 1692e(10) by filing an untimely Bill of Costs in the State Court Lawsuit not filed within a reasonable time that includes expenses which are not recoverable as court costs, and by filing the Wage Garnishment that includes usurious interest, thus using a false representation or deceptive means to collect or attempt to collect a debt;

      F.      Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

      G.      Violation of 15 U.S.C. 1692f(1) by filing an untimely Bill of Costs not filed within a reasonable time in the State Court Lawsuit that includes expenses which are not recoverable as court costs, and by filing the Wage Garnishment that includes usurious interest, thus collecting or attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Darryl L. Hodges, Jr. requests that the Court grant him relief as follows:

1. Award Plaintiff the maximum amount of statutory damages under the FDCPA, 15 U.S.C. §1692k;

2. Award Plaintiff actual damages;

3. Award Plaintiff attorney's fees, litigation expenses and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

                              Submitted by:

                              /s/ James McKenzie
                              **James R. McKenzie**
                              *James R. McKenzie Attorney, PLLC*
                              115 S. Sherrin Avenue, Suite 5

Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com