# EXHIBIT A

COMMONWEALTH OF KENTUCKY  JEFFERSON CIRCUIT COURT
JEFFERSON CIRCUIT COURT      DIVISION TEN (10)

NO. **15 CI 000882**

DIVISION _____

SERVICE FINANCIAL COMPANY
P.O. Box 16358
Louisville KY 40256

VS.  **COMPLAINT**

DARRYL L. HODGES, JR.   DEFENDANT
3436 Glendale AVenue
Louisville KY 40215

exhibits
FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
FEB 24 2015
BY _____
DEPUTY CLERK

\*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, by counsel, and for its cause of action herein states as follows:

1. The Defendant is indebted to Plaintiff under the terms of a Contract, a copy of which is filed herewith as Exhibit "A".

2. Said obligation is past due and the Defendant owes Plaintiff a balance of $5,265.02, with interest thereon at the rate of 15.0000% per annum from August 7, 2014 until paid.

3. Said obligation has been referred to Plaintiff's attorney, who is not a regularly salaried employee of Plaintiff, and therefore, the Defendant owes attorney fees in the amount of $789.75.

WHEREFORE, the Plaintiff, by counsel, demands judgment against the Defendant for the sums, plus interest as set forth above, and court costs.

**DEATRICK & SPIES, P.S.C.**

BY: _____
L. TYLER SPIES
COUNSEL FOR PLAINTIFF
P.O. Box 4668
Louisville, KY 40204
(502) 583-9607

FILE NO. 30804.001

The balance due on your account as set out in the Complaint herein will be assumed to be valid unless you dispute the balance or a portion of it within thirty (30) days. Upon receipt of your written dispute, verification of the balance will be mailed to you. Also, if the Creditor named above is different from your original creditor, the name and address of the original creditor will be provided to you upon your written request if made to us within thirty (30) days. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

Please be aware that the rights set forth above are made available to you pursuant to the Fair Debt Collection Practices Act which are separate and distinct from the rights set forth in the Summons you also received along with these papers. In order to properly exercise your rights under both the Fair Debt Collection Practices Act and the Summons and Complaint filed against you, you must comply with the instructions in BOTH the paragraph above AND the Summons.

Even though the Summons states that you have twenty (20) days from the date you received the Summons within which to file an Answer, we will allow you thirty (30) days from the date you received the Summons to file an Answer and to comply with the first paragraph above, in order to eliminate the inconsistencies in the time periods set forth in the paragraph above and in the Summons.

FILE NO. 30804.001

# RETAIL INSTALLMENT CONTRACT

**BUYER (and Co-Buyer). Name and Address. (Include County and Zip Code)**
Darryl Hodges  416 East Kentucky St. #105
Louisville, Ky. 40203

**SELLER (Creditor)**
BELGRAY AUTO SALES, INC.
7858 Dixie Hwy.
Louisville, Ky. 40258
Phone: 935-6731

Seller hereby sells and Buyer (meaning all undersigned Buyers, jointly and severally) hereby purchases, subject to the terms set forth below and upon the reverse side hereof, the following described motor vehicle, delivery and acceptance of which in good order, are hereby acknowledged by Buyer, viz:

| Year | Make | Model | Body Type | Color | Lic. No. | Serial Number |
|---|---|---|---|---|---|---|
| 2002 | Chevy | Tr. Blazer | 4 dr. | Red | Temp | 1GNDT13592234285 |

Buyer hereby promises to pay the total of payments set forth below.
Buyer further grants to Seller a security interest in the above described motor vehicle and all proceeds and replacements, additions and accessions thereto, to secure performance of Buyer's obligations and payment of the total of payments and all other amounts due under this contract.

| Amount Financed | FINANCE CHARGE | Total of Payments | Total Sale Price | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| The amount of credit provided to you or on your behalf. | The dollar amount the credit will cost you. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $1000.00 | The cost of your credit as a yearly rate. |
| $ 6599.00 | $ 1588.90 | $ 8187.90 | $ 9187.90 | 15. % |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 35 | $ 233.94 | Monthly beginning on 4-11-14 |
|  |  | Semi-monthly on ___ and ___ of each month beginning |
|  |  | Weekly on each ___ beginning ___ |

Insurance: You may obtain property insurance from anyone you want that is acceptable to us.
Security: You are giving a security interest in the goods or property being purchased.
Filing fees: $ 24.00
Late Charge: If a payment is received more than 10 days after the due date, you will be charged 5% of each late payment, not to exceed $10.00
Prepayment: If you pay off early, you may be entitled to a refund of part of the finance charge.
See the other provisions of this contract (front and reverse side) for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds, and penalties.

**Itemization of the Amount Financed**

| | |
|---|---|
| Cash Price (excluding sales or use taxes) | $ 6995.00 |
| Down Payment Cash | $ 1000.00 |
| Trade-In | $ -0- |
| less balance due on trade-in | - -0- |
| Net trade-in allowance | $ -0- |
| Total Down Payment | -1000.00 |
| Unpaid Balance of Cash Price | $ 5995.00 |
| Other charges: To Public Officials: Filing Fee | $ 24.00 |
| Sales or Use Tax | $ 414.00 |
| Registration & License Fees | $ 166.00 |
| Other | $ -0- |
| Total Other Charges | $ 604.00 |
| AMOUNT FINANCED | $ 6599.00 |

Promise to pay: Buyer promises to pay to Seller, the total of payments in 35 consecutive installments of $ 233.94 each, beginning on 4-11-14 and continuing with a like payment on 11th of each month thereafter until paid in full.

Delinquency Charges: If any installment is delinquent more than 10 days, Buyer will pay a delinquency charge equal to 5% of each installment of $10.00 whichever is less.

Security Interest: Buyer hereby grants to Seller and Seller does hereby retain a purchase money security interest under Article 9 of the Kentucky Uniform Commercial Code in the motor vehicle described above and all proceeds and replacements, additions, and accessions thereto. Seller shall further be secured by any proceeds and/or unearned premiums of any insurance covering the motor vehicle. Such security interest shall secure Seller for the payment of the total of payments and for any default, delinquency and/or collection charges, or expenses that may accrue or be expended hereunder.

Prepayment Rebate: Buyer at any time has the right to prepay the full amount due and receive a partial refund to the finance charge computed under the "Rule of 78's" after first deducting from such finance charge an acquisition charge of $25.00 authorized by Kentucky Revised Statutes 190,120. No refund of less than $1.00 will be made.
Acceleration of Indebtedness: Time is of the essence of this contract and if Buyer fails to pay any of the installments when due or otherwise breaches or fails to perform any of the provisions or promises herein; or if Buyer fails to obtain or maintain insurance as required hereunder; or if attachment, levy of execution or other process issues against the motor vehicle; or in the event of bankruptcy or insolvency of the Buyer; or in the event the Seller should deem itself insecure; or in the event of the death of the Buyer, the Seller may, at its option, and without notice or demand, declare the entire amount due and payable immediately.
Disclaimer of Warranties as to Motor Vehicle Being Sold: SELLER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NEITHER ASSUMES NOR AUTHORIZES ANY OTHER PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THIS MOTOR VEHICLE. BUYER SHALL NOT BE ENTITLED TO RECOVER FROM SELLER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS, OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES.
Warranties of Buyer: Buyer warrants to Seller that he or she has title to the "trade-in" motor vehicle and that same is free from encumbrance and all debts, except for those which are identified and specifically set forth above, and that Buyer has good right to sell and deliver same to Seller. Further, that Buyer is eighteen (18) years of age or older. Buyer will execute any and all documents and other papers necessary to transfer title to the "trade-in" motor vehicle to the Seller.
ADDITIONAL TERMS AND CONDITIONS: THE TERMS AND CONDITIONS STATED ON THE REVERSE SIDE HEREOF ARE INCORPORATED BY REFERENCE HEREIN AND CONSTITUTE A PART OF THIS CONTRACT TO THE SAME EXTENT AS IF PRINTED IN FULL AT THIS POINT.

**THIS MOTOR VEHICLE IS SOLD "AS IS", WITHOUT ANY WARRANTY, EXPRESS OR IMPLIED. THE BUYER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECTS THAT PRESENTLY EXIST OR MAY OCCUR IN THE VEHICLE.**

THIS CONTRACT DOES NOT PROVIDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND/OR PROPERTY DAMAGE CAUSED TO OTHERS.
Notice to the Buyer: Do not sign this contract before you read it or if it contains blank spaces. You are entitled to a copy of the contract you sign.

Executed by Seller and Buyer in four (4) counterparts this 25th day of March, 20 14.
Buyer acknowledges receipt of an exact, completed copy of this contract.

BY: _Gary_
X _Darryl A. Hodges Jr._ Buyer
_____ Buyer
_____ Buyer

NOTICE: See Other Side For Important Information

**EXHIBIT A**

## ADDITIONAL TERMS AND CONDITIONS

The Buyer and the Seller agree that the following terms and conditions are hereby made a part of their contract the same as if fully copied on the front side hereof:

1. **Assignment:** The Seller may assign this contract and its assignee shall acquire all of its interest in this Contract and shall be entitled to all the rights and privileges of Seller hereunder. After Buyer receives notice of any such assignment, Buyer shall make all payments hereunder directly to the holder hereof.

2. **Inspection of Vehicle:** The Buyer acknowledges that he has inspected the motor vehicle described herein together with all attachments and equipment placed thereon, and that he has otherwise satisfied himself, by testing same, that said motor vehicle is in good condition, and that he is fully and completely satisfied with same.

3. **Disclaimer of Warranties:** No representation, promise or warranty, express or implied, has been made with respect to the merchantability, suitability or fitness for purpose of the motor vehicle or otherwise unless the same is endorsed hereon in writing or is contained in a separate written instrument signed by the Seller.

4. **Encumbrances, Destruction, and Use of Motor Vehicle:** No transfer, renewal, extension or assignment of this Contract or any interest thereunder, and no loss, damage or destruction of said property shall release Buyer from his obligations hereunder. Buyer shall keep said motor vehicle free of all taxes, liens and encumbrances, and any sum of money that may be paid by Seller in release or discharge thereof shall be paid on demand as an additional part of the obligation secured hereunder. Buyer shall not use said motor vehicle illegally, improperly, or for hire; and shall not, without express permission of Seller, transfer or otherwise dispose of any interest in this Contract or said vehicle. Buyer agrees to keep the property in good order and repair and not to commit waste or destroy the motor vehicle. Seller may examine and inspect the motor vehicle at any reasonable time, wherever located. Buyer shall not, without the express written consent of Seller, remove the motor vehicle from the State of Buyer's residence address, as shown on the front side hereof, for a period in excess of thirty (30) days.

5. **Attorney's fees:** Buyer agrees that, in the event this contract is referred for collection to an attorney who is not a salaried employee of the holder, Buyer will pay a reasonable attorney's fee plus court costs. Buyer agrees that a reasonable attorney fee shall be an amount equal to 15% of the amount due and payable under this contract.

6. **Risk of Loss — Insurance:** The motor vehicle shall be held at Buyer's risk. Buyer shall obtain and maintain at his own expense, for so long as any amount remains unpaid hereunder, insurance protecting the interests of Buyer and Seller against loss, damage or destruction of or to the motor vehicle in such forms and amounts as Seller may require. All policies of insurance shall provide for at least ten (10) days prior written notice of cancellation to the Seller.

If Buyer fails to obtain or maintain such insurance or fails to furnish satisfactory evidence thereof upon request, Seller may, but shall not be required to, and without prejudice to its rights hereunder if it does not, obtain such insurance protecting either the interests of Buyer and Seller or, at any time the interests of Seller only. In such event, Buyer agrees to reimburse Seller for the cost thereof, to the extent he has not already done so, forthwith upon demand, together with interest thereon at the rate disclosed as the Annual Percentage Rate on the front side of this Contract.

Buyer hereby assigns to Seller any monies payable under such insurance by whomever obtained, or proceeds of insurance from a claim against a third party for damage or destruction of said motor vehicle including returned or unearned premiums, and Seller hereby is authorized on behalf of both Buyer and Seller to receive or collect same, to endorse checks or drafts in payment thereof, to cancel such insurance or to release or settle any claim with respect thereto. The proceeds from such insurance, by whomever obtained, shall be applied toward replacement of the property or payment of the indebtedness hereunder at the sole option of Seller (whether or not all of any portion of the indebtedness is then due and payable).

7. **General:** If the Seller should, pursuant to the provisions of this contract, exercise its option to declare all unpaid installments of the Buyer to be immediately due and payable, the Seller shall have the right to: (1) Without notice or demand, and without process of law, enter any promises where the motor vehicle securing this Contract may be and take possession of it and sell it at public or private sale, and all funds that have been paid hereunder may be retained as compensation for use of the property. Seller shall give Buyer five (5) days written notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made; and (2) Cancel any policy of insurance upon said property and collect and receive any and all refunds or returned premiums from such insurance to be applied by the Seller upon any indebtedness existing hereunder, with the excess, if any, to be returned to Buyer.

If upon repossession of the motor vehicle, personal property which is not a part of that motor vehicle is found therein, Seller shall hold that personal property for not less than ten (10) days at a place of Seller's choosing and without any liability for loss, except through Seller's negligence, during which period such personal property shall be made available to Buyer upon Buyer's request. After the expiration of this ten (10) day period, such property shall be considered abandoned.

The Seller's acceptance of any installment or payment after it or the full amount may have become due and payable hereunder shall not be deemed to alter or affect the Buyer's obligations or the Seller's rights hereunder with respect to any subsequent payments or defaults hereunder, nor shall the holder's acceptance of any installment or payment after any other default hereunder or be deemed to constitute a waiver of such other default. This Contract contains the entire agreement between the parties hereto and no modification, alteration, or change in the terms and provisions shall be valid unless in writing and signed by both parties or their respective assignees or transferees. However, in addition to any rights set out herein, the Seller shall have all the rights and privileges accorded by the Uniform Commercial Code. In the event the amount due under this contract is not paid in full on or before the date scheduled for the last payment hereunder, the balance then remaining shall bear interest at the Annual Percentage Rate as stated on the front side hereof from the date of the last scheduled payment until fully paid. In the event that the Seller obtains judgment against the Buyer, or any one or more of them, said judgment shall bear interest at the same Annual Percentage Rate as stated on the front side hereof. The Seller's remedies hereunder are in addition to any given by law and may be enforced successively or concurrently. Any provision hereby which may prove unenforceable shall not affect the validity of any other provision of this contract. It is agreed that this Contract shall be governed by the law of the State of Kentucky.

Any notice required to be given by either party to the other under the provisions of this Contract or under applicable law shall be sufficient if given by ordinary first-class mail, postage prepaid, addressed, if to Buyer, to the address shown for Buyer at the beginning of this Contract, or to such other address as Buyer shall have furnished to Seller by notice in writing and, if to Seller, to Seller's principal place of business (or, if this Contract has been assigned, to the assignee's principal place of business). Unless a different period is required by applicable law, notice of any action or future event shall be sufficient if either mailed or delivered at least five (5) days prior to the action or event.

### "NOTICE"

**THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### ASSIGNMENT

The Seller warrants as follows: All facts set forth herein are true; the collateral described herein has been delivered to the Buyer(s) free of all liens and encumbrances except that created by this security agreement; Seller has good title and right to transfer the same; this is a bonafide Retail Installment Contract and Security Agreement; the security interest has been or will be properly perfected; all parties have capacity to contract; this contract is genuine in all that it purports to be and Seller has complied with all applicable consumer sales and lending laws and regulations. Seller will indemnify the assignee against any and all losses and expenses assignee may incur as the result of any claim or defense raised by the Buyer(s) under this contract or applicable consumer sales and lending laws and regulations.

As a part of the foregoing instrument the Seller's obligations, in addition to those stated in the preceding paragraph, are governed by the terms of assignment set forth above the Seller's signature below.

1. The Seller hereby assigns this contract under the foregoing warranties to _____ without recourse

Dated _____
This contract is assigned without recourse
from Holgrey Auto Sales, Inc. to River City
Adjustment Bureau, Inc. DBA Service
Financial Company
By _____ Title _____       By _____
                                                    SELLER

2. The Seller hereby assigns the within contract under the foregoing warranties to _____ with recourse

Dated this _____ day of _____ 20____

_____

By _____
   SELLER